UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

SANDRA ACEVEDO, individually,

    Plaintiff,

v.

BARRY UNIVERSITY, INC.,
a Florida Non-Profit Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, SANDRA ACEVEDO (hereinafter referred to as "Plaintiff" and "ACEVEDO"), is an individual residing in Broward County, Florida.

2. Defendant, BARRY UNIVERSITY, INC., a Florida Non-Profit Corporation with a principal office address at 11300 NE Second Avenue, Room 105 Farrell Hall, Miami, Florida 33161, at all times material to this action has owned and/or operated a university with facilities at multiple locations, including its main campus at 11300 NE Second Avenue, Miami, Florida 33161, in Miami Dade County, Florida, within the jurisdiction of this Court.

3. Plaintiff brings this action against Defendant under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, for unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29 U.S.C. §216(b).[1]

---

[1] Attached hereto is a signed Consent to Join of SANDRA ACEVEDO.

1

4. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6. At all times material to this Complaint including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016, Defendant had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, Defendant regularly employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (c) regularly advertised and promoted its services through printed materials which were moved in and produced for interstate commerce; and (d) regularly processed and participated in electronic bank, transfers, payroll and other financial transactions across Florida and other State lines throughout the United States.

7. Based upon information and belief, the annual gross sales volume of Defendant has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016,

8. At all times material to this Complaint, including but not necessarily limited to

during the years of 2013, 2014, 2015, and 2016, Defendant has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. During the three (3) year statute of limitations period between February 2014 and December 2016, Plaintiff worked for Defendant as a non-exempt employee in the positions known as "Assistant to Dean" and "Global Outreach Coordinator" at Defendant's main campus at 11300 NE Second Avenue, Miami, Florida 33161.

During the three (3) year statute of limitations period between approximately February 2014 and September 2014, Plaintiff worked within Defendant's Human Performance & Leisure Sciences Department in the position known as "Assistant to Dean" when, in or around October 2014, Defendant gave Plaintiff the title of "Global Outreach Coordinator," with Plaintiff continuing to also perform her duties in the position known as "Assistant to Dean" throughout the time between approximately October 2014 and December 2016.

10. However, in numerous work weeks within the three (3) year statute of limitations period between February 2014 and December 2016, Defendant misclassified Plaintiff as "exempt" from the overtime compensation requirements of the FLSA despite Plaintiff's primary job duties consisting of the following non-exempt duties: (a) organizing the calendars of the Dean; (b) typing general correspondence and compiling reports from the Dean; (c) maintaining documents for personnel files; (d) placing orders for Department equipment and inventory; (e) departmental budget records and processing requisitions and checks for the Dean; (f) communicating with community members and coordinating fundraising activities; (g) open houses and networking and business events; (h) assisting travelers with the filling of necessary paperwork and forms as well as processing required documents; (i) flyers and invitations for Department events and socials; and

(j) assisting with the drafting of content for the World Congress website.

11. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more work weeks during her employment with Defendant during the three (3) year statute of limitations period between February 2014 and December 2016. More specifically, during numerous work weeks between February 2014 and December 2016, Plaintiff regularly worked approximately six (6) to seven (7) days per week with start times on Monday through Friday of approximately 8:30 a.m. and stop times of approximately 5:00 p.m., while Plaintiff also regularly worked in the evenings between approximately 7:30 p.m. and 10:30 p.m., as well as often on Saturday and Sunday mornings between approximately 10:00 a.m. and 12:30 p.m., averaging approximately Sixty (60) hours per week.

12. However, Defendant failed to pay Plaintiff time and one-half wages for all of the hours she worked in excess of Forty (40) hours per week for Defendant during the three (3) year statute of limitations period between February 2014 and December 2016.

13. Subject to discovery, based upon Defendant paying Plaintiff average gross weekly wages of approximately $937.50/week and Plaintiff being owed an average of Twenty (20) unpaid overtime hours per week during a total of approximately One Hundred and Fourteen (114) work weeks between mid-February 2014 and December 2016, if Plaintiff's unpaid overtime hours are found to be due and owing at the half time rate of $7.81/hour [$937.50/week gross wages divided by 60 hours = $15.63/2 = $7.81/hour], Plaintiff's unpaid overtime wages total approximately **$17,812.50** [$7.81/hour x 20 Unpaid OT hours/week x 114 weeks = $17,812.50]. Alternatively, if Plaintiff's unpaid overtime hours are found to be due and owing on a time and one-half basis at the rate of $7.81/hour [$937.50/week gross wages divided by 40 hours = $23.44/hour x 1.5 = $35.16/hour], Plaintiff's unpaid overtime wages total approximately **$80,156.25** [$23.44/hour x

4

20 Unpaid OT hours/week x 114 weeks = $80,156.25].

14. In numerous work weeks between February 2014 and December 2016, Defendant failed to comply with the requirements of the FLSA by, *inter alia*, (a) Defendant failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) Defendant failing to pay overtime compensation for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff each week between February 2014 and December 2016, including but not necessarily limited to because of Defendant's Human Performance & Leisure Sciences Dean, Dr. Darlene Kluka's, knowledge of the overtime hours regularly worked by Plaintiff.

15. Based upon information and belief, Defendant had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff as a non-exempt employee for the benefit of Defendant but nonetheless willfully failed to compensate Plaintiff for her overtime, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA.

16. Based upon information and belief, Defendant has failed to maintain records of the all of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff for Defendant for each and every work week during the statute of limitations period between February 2014 and December 2016.

17. The complete records concerning the compensation actually paid to Plaintiff for each week between February 2014 and December 2016 are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

18. Plaintiff, SANDRA ACEVEDO readopts and realleges the allegations contained in

Paragraphs 1 through 17 above.

19. Plaintiff is entitled to be paid time and one-half time her applicable regular rates of pay for each hour she worked for Defendant in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between February 2014 and December 2016.

20. Defendant knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rate of pay for all hours worked for Defendant in excess of Forty (40) per week during the three (3) year statute of limitations period between February 2014 and December 2016.

21. At all times material to this Complaint, Defendant had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff with time and one-half wages for all of her actual overtime hours worked between February 2014 and December 2016 based upon , *inter alia*:  (a) Defendant failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) Defendant failing to pay overtime compensation for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff each week between February 2014 and December 2016, including but not necessarily limited to because of Defendant's Human Performance & Leisure Sciences Dean, Dr. Darlene Kluka's knowledge of the overtime hours worked by Plaintiff.

22. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

23. Defendant did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

24. Plaintiff has retained the undersigned counsel to represent her in this action, and

pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendant all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

25. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SANDRA ACEVEDO, demands judgment against Defendant, BARRY UNIVERSITY, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 13, 2017

Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

# **CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Barry University, Inc.,</u> as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

<u>Sandra Acevedo</u>
Print Name